# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF WISCONSIN

---

THE ESTATE OF JOSHUA BOTWINSKI, by its Special
Administrator Linda Botwinski,

      Plaintiff,

          v.                    Case No.: _____

RANDALL HEPP
(in his individual capacity),

and

YANA PUSICH
(in her individual capacity),

      Defendants.

---

## COMPLAINT

---

NOW COMES the plaintiff, the Estate of Joshua Botwinski, by its Special Administrator Linda Botwinski, by its attorneys, Gingras, Thomsen & Wachs, LLP and hereby states the following as its Complaint in the above-referenced matter.

### NATURE OF PROCEEDINGS

1. This is a civil action under 42 U.S.C. sec. 1983, the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, including but not limited to the Substantive Due Process Clause, brought to redress the defendants' deliberate indifference to serious medical conditions, namely drug addiction and mental illness, at the Waupun Correctional Institution, and their violation of his due process rights by creating a danger to him that resulted in his death.

## PARTIES

2. At all times relevant to this action, Joshua Botwinski (Botwinski) was an adult resident of the State of Wisconsin. He died in January 2023. Accordingly, his estate, by Special Administrator Linda Botwinski, is the proper plaintiff.

3. At all times relevant to this action, Randall Hepp (Hepp) has been employed by the State of Wisconsin as the Warden at the Waupun Correctional Institution (WCI). All the conduct attributed to him in this complaint was undertaken under color of law and within the scope of his employment. The conduct attributed to him is also intentional.

4. At all times relevant to this action, Yana Pusich (Pusich) has been employed by the State of Wisconsin as the Security Director at WCI. All the conduct attributed to her in this complaint was undertaken under color of law and within the scope of her employment. The conduct attributed to her is also intentional.

## JURISDICTION and VENUE

5. This Court has jurisdiction over plaintiff's claims pursuant to 42 U.S.C. sec. 1983, the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and 28 U.S.C. secs. 1331 and 1343.

6. Venue in the Eastern District of Wisconsin pursuant to 28 U.S.C. sec. 1391 is proper insofar as the defendants are in this district, and the events giving rise to the claim took place within this district.

## FACTUAL ALLEGATIONS

7. In 2022, Botwinski was serving a prison term at WCI.

8. At all times while serving his prison sentence at WCI, Botwinski suffered from a

severe drug addiction and from mental illness.

9. On August 15, 2022, WCI officials discovered that Botwinski was under the influence of drugs. He tested positive for both opiates and stimulants.

10. All incidents of prisoners being under the influence of drugs is automatically reported to Pusich as Security Director, including Botwinski's use of illegal drugs. She also automatically receives reports of drug overdoses in the prison.

11. Pusich, in turn, would automatically report incidents of prisoners using illegal drugs to her superior, Hepp.

12. Prior to January 19, 2023, via the reports they received from staff, both Pusich and Hepp knew that illegal drug use was rampant at WCI, and they knew that prison staff was smuggling drugs into WCI. From the reports of drug use and overdoses, they knew that inmates had an almost unfettered access to drugs in prison. Botwinski's access to drugs in WCI was greater than his access to drugs outside of WCI.

13. Neither Hepp nor Pusich took any action to curb the introduction, spread and usage of dangerous drugs in prison, despite their knowledge of the drug problem at WCI.

14. Hepp and / or Pusich assigned prison staff that he, she or they knew to be smuggling drugs into WCI in proximity to Botwinski.

15. Because they knew of Botwinski's mental illness and severe drug addiction, and his use of drugs in prison, they knew that placing staff who smuggled drugs into the prison in Botwinski's proximity would result in Botwinski overdosing on drugs.

16. Alternatively, given their knowledge of Botwinski's mental illness and severe drug addiction, his use of illegal drugs, and the high rate of drug smuggling into the prison, they were

3

deliberately indifferent to Botwinski's serious medical condition of drug addiction and mental illness when they failed to order him placed under close observation until the drug smuggling could be controlled.

17. At about 5:10 p.m., WCI personnel observed Botwinski in his cell.

18. At about 6:45 p.m., Botwinski was discovered in his cell: he had been the victim of a drug (fentanyl) overdose, from which he died.

**FIRST CAUSE OF ACTION AGAINST HEPP AND PUSICH –
DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED**

19. The plaintiff states the preceding paragraphs as if set forth fully herein.

20. Defendants Hepp and Pusich knew of a substantial risk of harm to Botwinski in that he was suffering from severe drug addiction and / or he was severely mentally ill, but each individual defendant was deliberately indifferent to Botwinski's serious medical condition.

21. This deliberate indifference caused serious emotional, physical and economic harm to Botwinski, including his death.

**SECOND CAUSE OF ACTION AGAINST HEPP AND PUSICH –
STATE CREATED DANGER**

35. The plaintiff states the preceding paragraphs as if set forth fully herein.

36. By engaging in the conduct described in this complaint, Hepp and Pusich, knowingly created a danger that Botwinski faced.

37. The defendant's conduct was the proximate cause of injury to Botwinski, including his death.

**THIRD CAUSE OF ACTION AGAINST HEPP AND PUSICH –
FAILURE TO PROTECT**

38. The plaintiff states the preceding paragraphs as if set forth fully herein.

39. By engaging in the conduct described in this complaint, Hepp and Pusich, knowingly failed to protect Botwinski from danger.

37. The defendant's conduct was the proximate cause of injury to Botwinski, including his death.

WHEREFORE, the plaintiff demands a trial by jury and the following relief:

A. Judgment in an amount sufficient to compensate the plaintiff for his injuries and losses, including the value of his life;

B. Judgment against the individual defendants including punitive damages;

C. Equitable relief designed to prevent future violations of the law;

D. Pre- and post-judgment interest;

E. An award of attorneys' fees and costs; and

F. Any other relief the Court deems just to award.

Dated this 29th day of May, 2025.

**GINGRAS THOMSEN & WACHS LLP**
Attorneys for Plaintiff

*s/ Paul A. Kinne*
Paul A. Kinne
State Bar Number: 1021493

8150 Excelsior Drive
Madison, WI 53717
Phone: (608) 833-2632
Fax: (608) 833-2874
Email: kinne@gtwlawyers.com